**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| FLUID END SALES, INC., d/b/a FIVE STAR RIG & SUPPLY CO., INC., | Case No. 20-12777-JDL<br>Chapter 11<br>Subchapter V |
| Debtor. | |

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND
FINAL ORDERS GRANTING AUTHORIZATION TO PAY
CERTAIN PREPETITION TAXES AND FEES, WITH BRIEF
IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than **Tuesday, August 25, 2020, at 4:00 p.m.** You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

Debtor, Fluid End Sales, Inc., d/b/a Five Star Rig & Supply Co., Inc. (the "Debtor"), by and through the undersigned counsel, respectfully files this Emergency Motion for Interim and Final Orders Granting Authorization to Pay Certain Prepetition Taxes and Fees (the "Motion"). In support thereof, the Debtor would show the Court as follows:

01524905.DOCX

## JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested are sections 105(a), 363, and 541 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4. On August 20, 2020 (the "Petition Date"), the Debtor filed a voluntary petition with this Court pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code.

5. Pursuant to Bankruptcy Code section 1184, the Debtor has retained possession of its assets as a debtor in possession and is continuing to operate its business.

6. The Debtor is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

7. Founded in 1983, the Debtor provides supplies and equipment to the oil and gas industry. In addition to selling products acquired from various third parties, the Debtor also manufactures a variety of oilfield equipment.

8. The Debtor operates its business from a facility located at 8009 South I-35 Service Road, Oklahoma City, Oklahoma 73149, which the Debtor leases from a non-debtor third party.

9.      In the nearly forty years that the Debtor has been in business, it has faced and adapted to numerous challenges in the oil and gas industry. However, the current downturn has been particularly harsh. As oil and gas drilling and production activities in the state have severely decreased with the unexpected decline in commodity prices, the Debtor has seen its income correspondingly fall. Although the Debtor has engaged in aggressive cost cutting measures, the Debtor nevertheless is currently facing a liquidity crisis. Its cash flow issues have been compounded by various lawsuits brought by creditors. The legal fees associated with defending those lawsuits have further drained the Debtor's limited cash.

## **RELIEF REQUESTED AND BRIEF IN SUPPORT**

The Debtor requests, pursuant to Bankruptcy Code sections 105(a), 363(b), and 541, authority, but not direction, to pay certain pre-petition tax obligations (the "Taxes") and licensing fees (the "Licensing Fees") to various state and local authorities (collectively, the "Taxing Authorities"), including those obligations subsequently determined upon audit to be owed for periods prior to the Petition Date and any amounts paid by check prior to the Petition Date which have not yet cleared.

At this time, the Taxing Authorities known by the Debtor include the Internal Revenue Service, Oklahoma Tax Commission, Oklahoma County Treasurer, City of Oklahoma City, Texas Comptroller, and the West Virginia State Tax Department.[1]

---

[1] The Debtor also remits taxes to taxing authorities with respect to federal, state, and local income taxes, social security, and Medicare that the Debtor withholds from employees'

However, the relief requested herein is to be applicable with respect to all Taxing Authorities, including any that are identified subsequent to the filing of this Motion.

In the normal course of its business, the Debtor collects and/or pays the following:

- The Debtor pays annual state and federal income taxes. The Debtor had a loss for the 2019 tax year, so anticipates not owing any income taxes for such period.

- The Debtor is required to pay taxes on personal property owned (the "Property Taxes"). The Property Taxes are typically based on the value of the subject property. The Property Taxes are typically paid semi-annually in May and December. As of the Petition Date, the Debtor owed personal property taxes for 2018 in the amount of $25,734.50 and for 2019 in the amount of $52,574.15.

- The Debtor sells supplies and equipment to customers located in various other states. Certain of these states collect franchise taxes based on business conducted within such state. Franchise tax returns are generally due annually each Spring. In 2018, franchise taxes for the Debtor totaled $2,417.50. The Debtor believes that it is current on all franchise taxes due as of the Petition Date.

- The Debtor routinely collects sales and use taxes on the gross receipts from the sale of personal property and/or furnishing of certain services. Generaly, sales tax returns are due monthly. The Debtor believes that it is current on all sales and use taxes due as of the Petition Date.

- Many municipal, county, and state governments require the Debtor to obtain various licenses and pay corresponding fees (the "Licensing Fees") in order to conduct certain business activities. Typically, these Licensing Fees are payable upon the renewal of the applicable license.

Bankruptcy Code section 541 provides that all a debtor's legal and equitable interests in property as of the petition date are property of the bankruptcy estate.

---

wages. Remittance of these taxes to the applicable taxing authorities is addressed in a separate motion filed contemporaneously herewith pertaining to the Debtor's employee wage and benefits programs.

4

11 U.S.C. § 541.  Bankruptcy Code section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Pursuant to Bankruptcy Code section 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtor submits that ample cause exists to grant the relief requested.

Payment of the Taxes and Licensing Fees is critical to the Debtor's continued and uninterrupted operations.  Non-payment of these obligations may cause Taxing Authorities to take precipitous action, including, but not limited to, filing liens, preventing the Debtor from conducting business in the applicable jurisdictions, or seeking to lift the automatic stay, any of which would disrupt the Debtor's day-to-day operations and could potentially impose significant costs on the Debtor's estate.

The requested relief is also justified because to the extent any of the Taxes or Licensing Fees have been collected from third parties, such funds must be held in trust by the Debtor for the benefit of the Taxing Authorities and do not constitute property of the Debtor's estate.  *See, e.g., Begier v. IRS,* 496 U.S. 53, 59-61 (1990) (withholding taxes are property held by debtors in trust for another and, as such, are not property of debtors' estates); *City of Farrell v. Sharon Steel Corp.,* 41 F.3d 92, 95 (3d Cir. 1994) (withheld taxes were subject to a trust); *Al Copeland Enters., Inc. v. Texas,* 991 F.2d 233, 235 (5th Cir. 1993) (debtors' pre-petition collection of sales taxes and interest thereon held subject to trust and not property of estate); *Shank v. Wash. State Dep't of Revenue*

5

*(In re Shank),* 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); *In re Am. Intl Airways, Inc.,* 70 B.R. 102, 103 (Banks. E.D. Pa. 1987) (stating that excise and withholding taxes are "trust fund" taxes). Because withheld taxes are not property of the Debtor's estate, these funds are not available for the satisfaction of creditors' claims.

Further, taxes and regulatory fees that are withheld on behalf of a governmental entity are afforded priority status under Bankruptcy Code section 507(a)(8). 11 U.S.C. § 507(a)(8). As priority claims, such obligations must be paid in full before any general unsecured obligations of the Debtor may be satisfied. Consequently, the requested relief merely affects the timing of the Debtor's payment, not the amount paid in respect thereof.

Moreover, many federal and state statutes hold officers and directors of collecting entities personally liable or criminally responsible for certain taxes and fees owed by those entities and for withheld taxes and fees that are not turned over to the relevant Taxing Authorities. To the extent that any taxes or fees remain unpaid or are not turned over by the Debtor, the Debtor's officers and directors may be subject to lawsuits or criminal prosecution during the pendency of this Chapter 11 case. The threat of a lawsuit or criminal prosecution, and any ensuing liability, would distract the Debtor and its personnel from important tasks, to the detriment of all parties in interest. The dedicated and active participation of the Debtor's officers

and other employees is not only integral to the Debtor's continued, uninterrupted operations, but also essential to the orderly administration of this Chapter 11 case. Accordingly, the Debtor submits that the proposed relief is in the best interests of the Debtor's estate.

Furthermore, the Debtor requests that, to the extent of funds on deposit, all applicable banks be directed to receive, process, honor and pay all checks presented for payment and to honor all funds transfer requests made by the Debtor relating to the payment of prepetition Taxes and Licensing Fees, whether or not such checks were presented or funds transfer requests were submitted prior to, or subsequent to, the petition date. Further, the Debtor requests authority to issue postpetition checks, or affect postpetition transfer requests, in replacement of any checks or funds transfer requests with respect to its prepetition Taxes and Licensing Fees dishonored or denied as a consequence of the commencement of this case.

**I.      The Debtor Satisfies Bankruptcy Rule 6003**

Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to pay a prepetition claim. Fed. R. Bankr. P. 6003. Here, the relief requested is necessary to avoid immediate and irreparable harm to the Debtor's estate for the reasons set forth above, and the Debtor accordingly submits that Bankruptcy Rule 6003 has been satisfied.

**II.      Waiver of the Notice and Stay Requirements of Bankruptcy Rule 6004**

Pursuant to Bankruptcy Rule 6004(h), an order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, *unless the Court orders otherwise*.  Fed. R. Bankr. P. 6004(h). Here, the Debtor requests that the Court make the order effective immediately upon issuance of the order.  Waiver is appropriate given that the failure to make payments to the Taxing Authorities will cause significant disruption to the Debtor's business, subject the Debtor to fines, claims, or penalties, and threaten the viability of the Debtor's reorganization.

**III.     Reservation of Rights**

Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Bankruptcy Code section 365.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's right to dispute such claim subsequently.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, the Debtor respectfully requests that this Court enter interim and final orders granting (a) the Debtor authorization to pay the

prepetition Taxes and Licensing Fees, and (b) such other and further relief as the Court deems appropriate. A proposed interim order is attached hereto as **Exhibit A**.

                                            Respectfully submitted,

                                            */s/ Clayton D. Ketter*
Robert N. Sheets, OBA No. 8152
Clayton D. Ketter, OBA No. 30611
Martin J. Lopez III, OBA No. 33555
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
rnsheets@phillipsmurrah.com
cdketter@phillipsmurrah.com
mjlopez@phillipsmurrah.com
**Proposed Attorneys for Debtor**

9

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

FLUID END SALES, INC. d/b/a FIVE
STAR RIG & SUPPLY CO., INC.,

    Debtor.

Case No.
Chapter 11
Subchapter V

**INTERIM ORDER ON DEBTOR'S EMERGENCY
MOTION FOR INTERIM AND FINAL ORDERS GRANTING
<u>AUTHORIZATION TO PAY CERTAIN PREPETITION TAXES AND FEES</u>**

    This matter comes on for consideration based on the Debtor's Emergency Motion for Interim and Final Orders Granting Authorization to Pay Certain Prepetition Taxes and Fees [Doc. ___] (the "Tax Motion") filed by Debtor, Fluid End Sales, Inc., d/b/a Five Star Rig & Supply Co., Inc. (the "Debtor").[1]  The Court has jurisdiction to consider the Tax

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Tax Motion.

01526562.DOCX

Motion, has considered the evidence and arguments regarding the Tax Motion, and finds that the relief requested in the Tax Motion is necessary and in the best interests of the Debtor and its estate.

IT IS HEREBY ORDERED THAT:

1. The Tax Motion is GRANTED to the extent set forth herein on an interim basis.

2. Any objection to the entry of a final order on the Tax Motion must be filed and served on or before [_____]. A final hearing on the Tax Motion shall take place on September 24, 2020, at 1:30 p.m., before the Honorable Janice D. Loyd, United States Bankruptcy Judge, at the United States Bankruptcy Court, Western District of Oklahoma, 215 Dean A. McGee Ave., 9th Floor, Oklahoma City, Oklahoma 73102. If no response or objection is timely filed, the Court may grant the relief requested without a hearing or further notice.

3. The Debtor is authorized, but not directed, to make payments with respect to its prepetition Taxes and Licensing Fees without further order of the Court and in accordance with the Debtor's prepetition practices and policies.

4. Banks and financial institutions are authorized to receive, process, honor, and pay all checks, direct deposits, and funds transfer instructions relating to the Debtor's accounts and any other transfers that are related to prepetition Taxes and Licensing Fees and the costs and expenses incident thereto; *provided* that sufficient funds are available in the accounts to make such payments; *provided further* (i) that any such bank or financial

institution may rely on the representations of the Debtor regarding which checks that were drawn or instructions that were issued by the Debtor before the Petition Date should be honored postpetition pursuant to this Order and (ii) that any such bank or financial institution shall not have any liability to any party for relying on the representations of the Debtor as provided herein.

5. The Debtor is authorized to issue postpetition checks, or affect postpetition transfer requests, in replacement of any checks or funds transfer requests with respect to its prepetition Taxes and Licensing Fees dishonored or denied as a consequence of the commencement of this case.

6. The terms and conditions of this Order are immediately effective and enforceable upon entry.

7. A copy of this Order shall be served on: (a) the parties having been given notice of the Tax Motion; and (b) any party which has filed prior to such date a request for notices with the Court.

8. The Debtor, its officers, employees, and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

9. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

# # #

APPROVED:

*/s/ Clayton D. Ketter*
Robert N. Sheets, OBA No. 8152
Clayton D. Ketter, OBA No. 30611
Martin J. Lopez III, OBA No. 33555
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
rnsheets@phillipsmurrah.com
cdketter@phillipsmurrah.com
mjlopez@phillipsmurrah.com
**Proposed Attorneys for Debtor**


APPROVED AS TO FORM:

*/s/Marjorie J. Creasey*
Marjorie J. Creasey, OBA #17819
OFFICE OF THE UNITED STATES TRUSTEE
215 Dean A. McGee Avenue, 4th Floor
Oklahoma City, OK 73102
(405) 231-5961
(405) 231-5958 (fax)
marjorie.creasey@usdoj.gov